UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Leiser Schwimmer, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br><br><br> -v.-<br>Rubin & Rothman LLC,<br><br>        Defendant(s). | Civil Action No: 1:21-cv-4175<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Leiser Schwimmer (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Rubin & Rothman LLC (hereinafter, "Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.   Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8.     Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with its principal office at 1787 Veterans Hwy, Islandia, New York, 11722.

9.     Upon information and belief, Defendant is a company that use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.    The Class consists of:

   a. all individual consumers in New York;

   b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

   c. on behalf of Capital One Bank (USA), N.A.;

   d. attributing small purported "payments and/or credits" to consumers that do not reflect any activity on the account which is attributable to the consumer, without disclosing that fact;

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12.    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violates 15 U.S.C. § l692e. § l692f, and § l692g et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e, § l692f and § l692g et seq.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to April 2, 2021, on a date better known by Defendant, an obligation was allegedly incurred to the original creditor, Capital One Bank (USA), N.A. (hereinafter "Capital One").

21. Upon information and belief, Capital One contracted with Defendant for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

22. Upon information and belief, the original subject obligation arose out of credit card transactions. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

23. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

24. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6)

*Violation – April 2, 2021 Collection Letter*

26. On or about April 2, 2021, Defendant sent the Plaintiff a collection letter ("Letter") regarding the alleged debt owed to Capital One. (See "Letter" at Exhibit A.)

27. On the second page of the Letter, it states in relevant part:

"The total payments and/or credits made on the debt since the charge-off: $.87"

28. Defendant engages in a pattern and practice of itemizing small purported "payments and/or credits" that do not reflect any activity on the account attributed to the consumer.

29. In the case of Plaintiff Leiser Schwimmer, the "payments and/or credits" is listed as a sum of $.87.

30. Plaintiff never made any such payment.

31. Plaintiff never did anything to request or cause a credit or adjustment in that or any similar amount to be applied to his account.

32. In fact, Defendant has engaged in a pattern and practice of attributing small purported "payments and/or credits" to consumers that do not reflect any activity on the account which is attributable to the consumer, without disclosing that fact.

33. Defendant created and inserted numbers as "payments and/or credits" which are not attributable to the consumer.

34. Regarding the subject incident, the implication of the $.87 charge is that it represents actual activity on the account and is attributable to the consumer's action or request.

35. In general, credits applied to an account are the result of actions attributable to the consumer and have the same impact on the total debt amount as would a payment.

36. The inclusion of "payments and/or credits" which post-date any actual account activity by the consumer, without disclosure of the material fact that the "payment and/or credit" was not a result of real consumer activity is deceptive.

37. Additionally, it is deceptive to include payments and credits on the same line item due to the fact that payments are paid by consumers while credits are often issued by the creditor.

38. The creditor of the subject debt never sent a letter to the Plaintiff notifying him of the "payment and/or credit" applied to his account.

39. Defendant's labeling as "payment and/or credit" mischaracterizes the nature of the amount reflected on the Letter and is therefore misleading and deceptive.

40. Also, Defendant seeks to collect an amount that misrepresents the total amount of debt due, in violation of 15 U.S. Code § 1692e et seq.

41. The least sophisticated consumer, and the Plaintiff included, remains confused as to the amount of the account balance and the nature of the "payment and/or credit."

42. In result, the Plaintiff incurred an informational injury as Defendant misstated and mischaracterized the total amount of the debt.

43. Plaintiff suffered an invasion of a legally protected interest in that the FDCPA protects consumers against false, deceptive, and misleading representations in connection with the collection of a debt, including a false representation of the character, amount and/or legal status of any debt.

44. Plaintiff suffered injuries that are concrete and particularized, as the misrepresentations included in Defendant's Letter affected Plaintiff's decision-making regarding the repayment of the debt.

45. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

48. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. Defendant violated §1692e:

    a. As the characterization of small amounts as "payments and/or credits" is deceptive, in violation of §1692e generally;

    b. As the letter falsely represents the true character, amount and/or legal status of the debt in violation of §1692e(2)(A);

    c. As the letter falsely represents services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of § 1692e(2)(B);

    d. By making a false and deceptive representation in violation of §1692e(10).

50. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f et seq.

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

53. Pursuant to 15 U.S.C. §1692f(1), a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

54. Defendant violated §1692f(1):

   a. As the letter creates an illusion of a payment and/or credit, when in fact the consumer performed no such action that would cause a payment or credit to his account.

55. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f(1) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g et seq.**

56. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

58. Pursuant to 15 U.S.C. §1692g(a)(1), a debt collector must provide notice of a debt, including the amount of the debt.

59. Defendant violated §1692g(a)(1):

   a. As the letter falsely represents the true amount of the debt.

60. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692g(a)(1) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

61. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Leiser Schwimmer, individually and on behalf of all others similarly situated, demands judgment from Defendant Rubin & Rothman LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 26, 2021

Respectfully Submitted,

/s/ Tamir Saland
**Stein Saks, PLLC**
By: Tamir Saland, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 122
Fax: (201)-282-6501
tsaland@steinsakslegal.com
*Attorneys for Plaintiff*